UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **SHELLEY CARMICHAEL**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE SCHOOL BOARD OF LEE COUNTY, FLORIDA**, a political subdivision of the State of Florida,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:19-cv-293<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **SHELLEY CARMICHAEL** ("Carmichael" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act (FCRA) for (1) age discrimination in violation of the ADEA, (2) age discrimination in violation of the FCRA, (3) retaliation violation of the ADEA, and (4) retaliation in violation of the FCRA.

**PARTIES**

2. The Plaintiff, **SHELLEY CARMICHAEL** ("**CARMICHAEL**") is an individual and a resident of Florida who currently resides, and at all material times resided, in Lee County, Florida.

1

3. Defendant, **THE SCHOOL BOARD OF LEE COUNTY, FLORIDA** ("School") is a political subdivision of the state of Florida and oversees the public school system in and for Lee County, Florida. The Defendant was **CARMICHAEL**'s employer.

4. At all material times, **SCHOOL** employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **CARMICHAEL**'s state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Lee County, and **SCHOOL** conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

8. **CARMICHAEL** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on March 4, 2019 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS

9. **CARMICHAEL** began her employment with **SCHOOL** on September 3, 1988.

10. **CARMICHAEL** was born in 1954 and thus was well over the age of 40 at the time of her termination from **SCHOOL**.

11. **CARMICHAEL** always performed her assigned duties in a professional manner and was very well qualified for her position.

12. **CARMICHAEL** always met and exceeded performance goals.

13. Beginning in April 2017, **CARMICHAEL** began to be discriminated against because of her age.

14. Specifically, the **SCHOOL** began quizzing **CARMICHAEL** on how much longer she intended to work, to which **CARMICHAEL** responded that she wanted to attain at least 30-years of employment.

15. **SCHOOL** appeared to accept that and **CARMICHAEL** worked the next school year during which she received an excellent performance review and received notice that she would be reappointed to her position for the 2018/19 school year.

16. However, on or about June 26, 2018, **CARMICHAEL** was suddenly informed that because she refused to sign a form certifying a retirement date of September 2018 – thus refusing to retire - that her contract was not being renewed and that she was being terminated on June 30, 2018.

17. At all material times, **SCHOOL** was aware of **CARMICHAEL**'s age and, consequently, her protected class, which is the basis for the **SCHOOL**'s discriminatory employment practices toward her.

18. **SCHOOL** subjected **CARMICHAEL** and others similarly situated to far greater scrutiny than those under the age of 40.

19. Those persons not within the protected class were not subject to termination of their employment whereas those over the age of 40 were targeted for termination.

## COUNT I – VIOLATION OF THE ADEA

20. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

21. **CARMICHAEL** was an employee and **SCHOOL** was her employer covered by and within the meaning of the ADEA.

22. **CARMICHAEL** is a member of the protected age class (over the age of 40).

23. **CARMICHAEL** was well qualified for the positions she held with **SCHOOL**.

24. Despite her qualifications, **CARMICHAEL** has suffered adverse employment action in the form of termination.

25. A younger person with inferior qualifications and performance replaced **CARMICHAEL**.

26. **SCHOOL** sought applicants for the same positions that **CARMICHAEL** applied for who were outside of **CARMICHAEL**'s protected class.

27. **SCHOOL** has discriminated against **CARMICHAEL** in the terms and conditions of her employment on the basis of her age, in violation of ADEA.

28. **SCHOOL** engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **CARMICHAEL** because of her age.

29. **SCHOOL**'s violations of the law were knowing and willful.

30. A causal connection exists between **CARMICHAEL**'s age and her termination.

31. As a result of the above-described violations of the ADEA, **CARMICHAEL** has been damaged by **SCHOOL** in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

32. **CARMICHAEL** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Liquidated damages;

iv. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

v. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

vi. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vii. Reasonable attorney's fees plus costs; and;

viii. Such other relief as this Court shall deem appropriate.

### COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

33. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

34. **CARMICHAEL** was an employee and **SCHOOL** was her employer covered by and within the meaning of the FCRA.

35. **CARMICHAEL** is a member of the protected age class (over the age of 40).

36. **CARMICHAEL** was well qualified for the positions she held with **SCHOOL**.

37. Despite her qualifications, **CARMICHAEL** has suffered adverse employment action in the form of termination.

38. A younger person with inferior qualifications and performance replaced **CARMICHAEL**.

39. **SCHOOL** sought applicants for the same positions that **CARMICHAEL** applied for who were outside of **CARMICHAEL**'s protected class.

40. **SCHOOL** has discriminated against **CARMICHAEL** in the terms and conditions of her employment on the basis of her age, in violation of the FCRA.

41. **SCHOOL** engaged in unlawful employment practices in violation of the FCRA by terminating **CARMICHAEL** because of her age.

42. **SCHOOL**'s violations of the law were knowing and willful.

43. A causal connection exists between **CARMICHAEL**'s age and her termination.

44. As a result of the above-described violations of the FCRA, **CARMICHAEL** has been damaged by **SCHOOL** in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

45. **CARMICHAEL** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

    iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    v.     Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

    vi.     Reasonable attorney's fees plus costs;

    vii.     Compensatory damages, and;

    viii.     Such other relief as this Court shall deem appropriate.

### COUNT III – VIOLATION OF THE ADEA- RETALIATION

46. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

47. Following **CARMICHAEL**'s objection to age discrimination, **SCHOOL** retaliated by altering the terms and conditions of her employment by terminating **CARMICHAEL**.

48. **CARMICHAEL**'s objection to age discrimination constitute a protected activity because such objections were in furtherance of rights secured to her by law.

49. Said protected activity was the proximate cause of **SCHOOL**'s negative employment actions against **CARMICHAEL** including changed working conditions, discipline, and ultimately termination.

50. Instead of ceasing its disparate treatment based upon age, **SCHOOL** retaliated against **CARMICHAEL** via changed working conditions, discipline, and termination.

51. The acts, failures to act, practices and policies of **SCHOOL** set forth above constitute retaliation in violation of the ADEA.

52. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, **CARMICHAEL** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

53. As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CARMICHAEL** is entitled to all relief necessary to make her whole as provided for under the ADEA.

54. As a direct and proximate result of **SCHOOL**'s actions, **CARMICHAEL** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

55. **CARMICHAEL** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Liquidated damages;

iv. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

v. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

vi. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vii. Reasonable attorney's fees plus costs, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

56. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

57. Following **CARMICHAEL**'s objection to age discrimination, **SCHOOL** retaliated by altering the terms and conditions of her employment by terminating **CARMICHAEL**.

58. **CARMICHAEL**'s objection to age discrimination constitute a protected activity because such objections were in furtherance of rights secured to her by law.

59. Said protected activity was the proximate cause of **SCHOOL**'s negative employment actions against **CARMICHAEL** including changed working conditions, discipline, and ultimately termination.

60. Instead of ceasing its disparate treatment based upon age, **SCHOOL** retaliated against **CARMICHAEL** via changed working conditions, discipline, and termination.

61. The acts, failures to act, practices and policies of **SCHOOL** set forth above constitute retaliation in violation of the FCRA.

62. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **CARMICHAEL** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

63. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CARMICHAEL** is entitled to all relief necessary to make her whole as provided for under the FCRA.

64. As a direct and proximate result of **SCHOOL**'s actions, **CARMICHAEL** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

65. **CARMICHAEL** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

 iv.  Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

 v.  Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

 vi.  Reasonable attorney's fees plus costs;

 vii.  Compensatory damages, and;

 viii.  Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

           Respectfully submitted,

Dated: May 2, 2019     **/s/ Benjamin H. Yormak**
             Benjamin H. Yormak
             Florida Bar Number 71272
             Trial Counsel for Plaintiff
             Yormak Employment & Disability Law
             9990 Coconut Road
             Bonita Springs, Florida 34135
             Telephone: (239) 985-9691
             Fax: (239) 288-2534
             Email: byormak@yormaklaw.com